UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKIALA GARCIA BATDORF,<br><br>Appellant,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORP., ET AL.,<br><br>Appellees. | No. 2:14-cv-02479-TLN<br><br>**ORDER DISMISSING CASE** |

The bankruptcy appeal in this matter was filed on October 21, 2014. (Not. of Bankruptcy Appeal, ECF No. 1.) In an opening letter to Appellant Mikiala Garcia Batdorf ("Appellant"), Appellant was informed that

> [a]fter a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P. 8006 and 8007. These rules require the appellant to file within 14 days a designation of record, statement of issues on appeal and a notice regarding the ordering of transcripts with the bankruptcy court. . . . It is the parties' responsibility to monitor the appeal to ensure transcripts are timely filed and the record is completed in a timely manner.

(Opening Letter, ECF No. 2.) On January 6, 2015, a notice of incomplete record was filed with the Court because Appellant had failed to file a designation of record, a statement of issues, and a transcript and/or a notice regarding the transcript. (ECF No. 3.) In response, this Court issued a

1   minute order on February 20, 2015, ordering the parties" to show cause in writing no later than
2   March 6, 2015 why this action should not be dismissed for failure to perfect the appeal." (ECF
3   No. 4.) Appellant failed to comply, and the Court then issued a second minute order sanctioning
4   Appellant $100 for her failure to comply and giving Appellant until April 16, 2015, to comply
5   with the Order. (ECF No. 5.) The Court also warned Appellant that "failure to adhere to this
6   Court's Order [would] result in this case being dismissed." (ECF No. 15.) The time for
7   compliance has come and gone and Appellant has failed to pay the sanctions or perfect her
8   appeal.
9       "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because
10  of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626,
11  629 (1962). The Ninth Circuit has set forth four factors that a district court must consider before
12  dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

16  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth
17  below, the Court finds that these factors weigh in favor of dismissing this case.
18      First, the Court has an inherent need to manage its docket. Plaintiff filed this case over six
19  months ago and has failed to participate in the case in any way besides filing the initial notice of
20  appeal. Because Plaintiff has not complied with Federal Rules of Bankruptcy Procedure 8006
21  and 8007, the Court finds that this factor weighs in favor of dismissing this case.
22      Second, the public's interest in expeditious resolution of litigation also favors dismissing
23  this case because the Court is wasting its time and resources attempting to compel Appellant's
24  cooperation in litigating her own case. Third, Appellant's failure to file the requisite paperwork
25  to perfect her appeal prevents Appellees from seeking some sort of resolution. Finally, although
26  the disposition of cases based on their merits is preferred, it is unlikely that such is an option here.
27  The Court simply cannot move forward without Appellant's assistance.
28      Thus, for the aforementioned reasons, the Court finds that all four factors support

dismissing Appellant's case.  As such, the Court hereby DISMISSES Appellant's bankruptcy appeal.  This case is CLOSED.

      IT IS SO ORDERED.

Dated:  April 24, 2015

                                      Troy L. Nunley
                                      United States District Judge